IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THERABODY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIWORLD ACCESSORIES LLC, a New York limited liability company; MWA, LLC, a limited liability company; CBY HOLDINGS, LLC, a Delaware limited liability company; THE BEANSTALK GROUP, LLC, a Delaware limited liability company; THE TJX COMPANIES, INC., a Delaware corporation; and "JOHN DOE" and "JANE DOE" (said names being fictitious),<br><br>Defendants | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

Plaintiff Therabody, Inc.[1], a Delaware corporation ("Plaintiff" or "Therabody"), by way of Complaint against Defendants MIWORLD ACCESSORIES LLC ("MiWorld"), MWA, LLC ("MWA"), CBY HOLDINGS, LLC ("CBY"), THE BEANSTALK GROUP, LLC ("Beanstalk"), THE TJX COMPANIES, INC. ("TJX"); and "JOHN DOE" and "JANE DOE" (said names being fictitious; and collectively with MiWorld, MWA, CBY, Beanstalk and TJX, "Defendants"), alleges as follows:

---

[1] As of October 1, 2021, Theragun, Inc. changed its name to Therabody, Inc.

**NATURE OF THE ACTION**

1.  Plaintiff brings this action against Defendants, due to Defendants' intentional infringement of Plaintiff's trademarks and its goodwill, as well as unfair competition with Plaintiff, by manufacturing, using, selling, offering for sale, and/or importing various knock-offs and other infringing devices and attachments. Defendants' intentional infringement of Plaintiff's federally registered trademarks, and their attempt to trade on Plaintiff's name and reputation, has caused Plaintiff to suffer significant and irreparable damages.

**THE PARTIES**

2.  Plaintiff is, and at all times relevant hereto was, a Delaware corporation with a principal place of business at 9420 Wilshire Blvd., Fourth Floor, Beverly Hills, California 90212.

3.  Plaintiff is informed and believes, and thereon alleges, that Defendant MiWorld is a New York limited liability company, with offices at 1 East 33rd St., 11th Floor, New York, NY 10016.

4.  Plaintiff is informed and believes, and thereon alleges, that Defendant MWA is a limited liability company that may be affiliated with, or may actually be the same entity as, MiWorld.

5.  Plaintiff is informed and believes, and thereon alleges, that Defendant CBY is a Delaware limited liability company, with offices at 1356 Broadway, 6th Floor, New York, NY 10018.

6.  Plaintiff is informed and believes, and thereon alleges, that Defendant Beanstalk is a Delaware limited liability company, with offices at 220 East 42nd Street, 15th Floor, New York, NY 10017.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant TJX is a Delaware limited liability company, with offices at 770 Cochituate Road, Framingham, MA 01701.

8. The true names and capacities of Defendants John Doe and Jane Doe, inclusive, are unknown to Plaintiff, and Plaintiff therefore sues these Defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations.

9. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants conspired and acted in concert with one or more of the other Defendants to commit the wrongs against Plaintiff alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other.  Plaintiff is further informed and believes, and thereon alleges, that in performing the actions alleged in this Complaint, each Defendant was acting within the scope of authority conferred upon such Defendant by the consent, approval, and/or ratification of one or more of the other Defendants.

## JURISDICTION AND VENUE

10. This is a suit for trademark infringement that arises under the laws of the United States, namely, Title 15 of the United States Code and, more particularly, the Lanham Act, 15 U.S.C. § 1051, *et seq.,* and 15 U.S.C. §§ 1114, 1116-1118, 1125 inclusive.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, and 1332(a), and this Court exercises original jurisdiction pursuant to 28 U.S.C. § 1338(a).  This Court also exercises supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.

12. Defendants are subject to personal jurisdiction because they have: (a) purposefully directed the marketing and sale of infringing products to Delaware buyers, businesses, and residents, including but not limited to directing the marketing and sale of infringing products to Delaware buyers, businesses, and residents through TJX's T.J.Maxx retail stores in Delaware; (b) placed infringing products and marketing in the stream of commerce with the specific intent that infringing products and marketing be consumed nationwide, including in Delaware; and (c) established minimum contacts through sales of infringing products and marketing materials to Delaware residents at TJX's T.J.Maxx retail stores in Delaware.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and/or (b)(3), and under 28 U.S.C. § 1391(c)(3) with respect to the residency of Defendants CBY, Beanstalk and TJX.

14. Venue is also proper in this District under 28 U.S.C. § 1400(b), as Defendants have committed acts of infringement in this District. Specifically, Therabody is informed and believes that Defendants distribute, promote, market, sell, offer for sale, import, and/or advertise infringing products in this District. Therabody is further informed and believes that Defendants derive substantial revenue from the distribution, promotion, marketing, sale, offer for sale, and/or import of infringing products in or to this District.

## FACTUAL ALLEGATIONS

A. **Plaintiff's Business and Trademark THERAGUN**

15. Therabody is in the business of developing, manufacturing, and selling high-quality, innovative percussive therapy devices and attachments therefore. Therabody invests considerable time, effort and money in developing and protecting its intellectual property, including the unique and novel design and trade dress of its products.

16. Therabody is the owner of 11 THERAGUN trademarks listed on Exhibit "A" hereto, all of which are evidenced by United States federal trademark registrations (collectively, the "Theragun Marks"). Each of the Theragun Marks has been in continuous, open, widespread and nationwide use by Therabody (with the earliest use dating back to October 2016), in connection with various goods and services, including but not limited to "massage apparatus and instruments", and "vibrating apparatus used to stimulate muscles and increase strength and physical performance for health and medical purposes."

17. Therabody is a pioneer in the percussive massage therapy device market and, by delivering premier-quality products under the Theragun Marks, Therabody has established a reputation for providing outstanding massage therapy products and customer service under the Theragun Marks. Images of examples of Therabody's products are shown below.

   

18. Therabody distributes and sells its goods throughout the United States (including in this District) and internationally.

19. Therabody has used, advertised and promoted in commerce, and continues to use, advertise and promote in commerce, the Theragun Marks in connection with Therabody's goods and services.

20. Therabody has expended substantial resources to advertise and promote its goods under the Theragun Marks, and has sold and continues to sell substantial quantities of these goods and services in the United States (including in the District) and internationally.

21. Therabody also owns extensive common law rights to the Theragun Marks, and the Theragun Marks have been in continuous, open and notorious use in the United States with the earliest use dating back to October 2016.

22. The Theragun Marks have not been abandoned.

23. As a result of Therabody's long, extensive and exclusive use of the Theragun Marks, and as a result of its sale and expenditure of substantial sums in establishing, maintaining and promoting its trademarks and goods and services, the Theragun Marks have come to be associated in the public mind solely with Therabody and its goods and services. Accordingly, Therabody has built up valuable trademark rights, and the Theragun Marks have become invested with substantial goodwill and consumer recognition.

24. Further, consumers recognize Therabody and the Theragun Marks as indicators of excellence, and as uniquely identifying Therabody as the source of the products and services associated in connection with which they are used.

**B.    Defendants' Infringing Conduct**

25. Pursuant to 15 U.S.C. § 1072, Defendants, as a matter of law, are deemed to have had constructive notice of Plaintiff's ownership of each of the Theragun Marks as of the date of registration of each such mark, with the earliest registration dated October 17, 2016.

26. Defendants are manufacturing, using, selling, offering for sale, and/or importing various knock-offs and other infringing devices and attachments (the "Defendants' Goods"). While the Defendants' Goods are sold under the brand name COBY, despite having both constructive and actual notice of Plaintiff's federal registrations and Plaintiff's senior rights therein, Defendants are also using the mark THERAGUN as part of the product name. Defendants' intentional infringement of Plaintiff's federally registered trademarks, and their attempt to trade

on Plaintiff's name and reputation, has caused Plaintiff to suffer significant and irreparable damages.

27.  Defendants are currently using the THERAGUN mark in commerce. An example of an infringing product purchased on January 22, 2022, at TJX's Wilmington, Delaware T.J.Maxx retail store is shown below:

 

28.  Defendants' infringing products are substantially similar to Plaintiff's products, as can be seen in the product images set forth above. Accordingly, upon information and belief, Defendants have distributed, offered for sale, and sold, or attempted to distribute, offer for sale, and sell, goods under the THERAGUN mark through the same channels of trade, and directed towards the same types and classes of purchasers, as Plaintiff.

29.  The THERAGUN mark used by Defendants is identical or substantially or highly similar to Plaintiff's Theragun Marks in sound, appearance and commercial impression, and Defendants' attempted use of the THERAGUN mark with their goods is likely to cause confusion, deception, and/or mistake among the relevant public.

30.  In light of the similarity of the THERAGUN mark used by Defendants to the Theragun Marks and the similarity of the parties' respective goods, channels of trade and target purchasers (among other factors), many actual and prospective purchasers who encounter

Defendants' THERAGUN mark are likely to think that Defendants' goods offered under the THERAGUN mark are (or the company that offers Defendants' goods is) authorized by, sponsored by, licensed by, affiliated with Plaintiff, or that THERAGUN products are the same or are otherwise related.  Accordingly, Defendants' THERAGUN mark, when used in conjunction with Defendants' goods, is likely to cause confusion, mistake, or to deceive as to the origin, source, sponsorship or affiliation of Defendants' goods within the meaning of 15 U.S.C. § 1052(d).

31. For these reasons, Defendants' use of the THERAGUN mark is causing and/or has been causing damage to Plaintiff, its business and its goodwill.

32. The Theragun Marks have priority over the Defendants' THERAGUN mark because Plaintiff's use of the Theragun Marks in connection with Plaintiff's goods is prior to: (a) Defendants' use of the THERAGUN mark in connection with Defendants' goods, and (b) any other date that may be lawfully claimed by Defendants.

## FIRST COUNT
## FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

33. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

34. The Theragun Marks are valid and protectable trademarks.

35. Plaintiff is the owner of the Theragun Marks.

36. Plaintiff's registrations for the Theragun Marks are in full force and effect, and have never been abandoned.

37. Plaintiff intends to continue to preserve and maintain its rights with respect to its registration of the Theragun Marks.

38. Plaintiff's Theragun Marks and the goodwill associated therewith are of inestimable value to Plaintiff.

39. Defendants, without Plaintiff's permission or consent, have used and are continuing to use, the THERAGUN mark in connection with the manufacturing, using, selling, offering for sale, and/or importing of percussive massage therapy products, including products that are substantially similar to Plaintiff's products.

40. Defendants' use of the THERAGUN and Theragun Marks in commerce constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the purchasing public as to the source, approval or sponsorship of the goods bearing or associated with the Theragun Marks.

41. Defendants' acts are knowing and intentional, as Defendants are on notice of Plaintiff's valuable trademark rights and have willfully and intentionally refused to cease and desist in the use of the THERAGUN and Theragun Marks, despite receipt of a cease and desist notice from Plaintiff as early as January 21, 2022, rendering this an exceptional case under 15 U.S.C. § 1117(a).

42. Such conduct on the part of Defendants has injured and will continue to injure Plaintiff in an amount to be determined at trial, and has directly and proximately caused and threatens to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## SECOND COUNT
## FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

43. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

44. Plaintiff is the owner of the Theragun Marks.

45. Defendants' actions in using the THERAGUN mark in interstate commerce are a false designation of origin, and have caused and continue to cause confusion, mistake and deception in the minds of the public.

46. Defendants' use of the THERAGUN mark is a false designation of origin in interstate commerce that has infringed upon Plaintiff's trademark rights.

47. Based on Defendants' prior knowledge of the Theragun Marks, Defendants' actions have been knowing, intentional, wanton and willful, entitling Plaintiff to money damages, treble damages, profits, attorneys' fees, and the costs of this action.

48. By reason of the foregoing, such conduct on the part of Defendants has injured and will continue to injure Plaintiff in an amount to be determined at trial, and has directly and proximately caused and threatens to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## THIRD COUNT
## UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

49. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

50. Defendants' use of the THERAGUN mark constitutes use in commerce of a false and misleading description and representation of goods.

51. Defendants knows that Plaintiff owns the Theragun Marks and utilizes the Theragun Marks in commerce.

52. Defendants' use of the THERAGUN mark is likely to cause confusion, deception and mistake among the purchasing public as to the source, approval or sponsorship of the goods bearing or associated with the THERAGUN mark.

53. The aforesaid acts of Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

54. Defendants' conduct has directly and proximately caused and, unless restrained by this Court, will continue to cause, immediate and irreparable injury to Plaintiff.

55. Such conduct on the part of Defendants has injured and will continue to injure Plaintiff in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## FOURTH COUNT
## TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c) AND AT COMMON LAW

56. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

57. Plaintiff is the owner of the Theragun Marks.

58. Plaintiff has continuously used, and invested in the promotion of, the Theragun Marks in interstate commerce (with the first use dating back to October 2016).

59. As a result of the duration and extent of Plaintiff's use of the Theragun Marks, the marks are highly distinctive and have a high degree of acquired distinctive features among purchasers in the industry.

60. Defendants' use of the THERAGUN mark began long after the Theragun Marks acquired its fame and distinctiveness.

61. Defendants' aforesaid actions dilute the rights and goodwill that Plaintiff has obtained and created in the Theragun Marks, and has further injured the business reputation of Plaintiff.

62. Defendants' aforesaid actions have caused and are continuing to directly and proximately cause great and irreparable injury to Plaintiff, the Theragun Marks, and to the business and goodwill represented by Plaintiff and the Theragun Marks in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

## FIFTH COUNT
### DELAWARE STATE TRADEMARK INFRINGEMENT IN VIOLATION OF DEL. CODE ANN. TITLE 6, § 3312 AND AT COMMON LAW

63. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

64. The use of the name "THERAGUN" by Defendants, without the consent of Plaintiff (the owner of the Theragun Marks), in connection with the sale, distribution, offer for sale and/or advertising of Defendants' goods and services is likely to cause confusion or mistake or to deceive as to the source of origin of such goods and services.

65. In view of the foregoing, Defendants is in violation of Del. Code Ann. Title 6, § 3312 and Delaware State Common Law. As a consequence of Defendants' trademark infringement, Therabody has suffered harm and damage in an amount not yet determined. Therabody will continue to suffer harm until Defendants' infringement is enjoined by this Court. Upon information, such infringement has been and continues to be willful.

## SIXTH COUNT
### DELAWARE STATE INJURY TO BUSINESS REPUTATION AND DILUTION DEL. CODE ANN. TITLE 6, § 3313 AND AT COMMON LAW

66. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

67. The use of the names "THERAGUN" by Defendants in connection with their goods and services is likely to injure the business reputation and/or dilute the distinctive quality of the Theragun Marks.

68. In view of the foregoing, Defendants are in violation of Del. Code Ann. Title 6, § 3313 and Delaware State Common Law. As a result of Defendants' actions, Therabody's business reputation has been injured, and the Theragun Marks have been diluted, resulting in damage to

Therabody in an amount not yet determined. Therabody will continue to suffer harm until Defendants' use and other infringing activities are enjoined by this Court. Upon information, such use and activities have been and continue to be willful.

## SEVENTH COUNT
## DELAWARE STATE UNFAIR COMPETITION

69. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

70. The use of the name "THERAGUN" by Defendants in connection with their sale, offer for sale and licensing for sale of their goods and services is likely to cause confusion as to the source, sponsorship and/or affiliation with Therabody, and is likely to cause confusion to customers.

71. Based upon the foregoing, Defendants are in violation of Delaware State Common Law by engaging in unfair competition. As a consequence of Defendants' unfair competition, Therabody has suffered harm and damage in an amount not yet determined. Therabody will continue to suffer harm until Defendants' unfair competition is enjoined by this Court. Upon information, such unfair competition has been and continues to be willful.

## EIGHTH COUNT
## DELAWARE STATE DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF DEL. CODE ANN. Title 6, § 2532 AND AT COMMON LAW

72. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

73. The use of the name "THERAGUN" by Defendants in connection with their sale, offer for sale and licensing for sale of their goods and services is likely to cause confusion and is a deceptive act and/or practice in the conduct of a business, vocation, or occupation in the State of Delaware.

74. In view of the foregoing, Defendants are in violation of Del. Code Ann. Title 6, § 2532 and Delaware State Common Law. As a consequence of Defendants' deceptive acts and practices, Therabody has suffered harm and damage in an amount not yet determined. Therabody will continue to suffer harm until Defendants' deceptive acts and practices are enjoined by this Court. Upon information, such acts and practices have been and continues to be willful.

## NINTH COUNT
## CIVIL CONSPIRACY

75. Therabody repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

76. At all relevant times, a confederation existed between Defendants to knowingly and willfully infringe Therabody's intellectual property rights, including the Theragun Marks, injure Therabody's business reputation, dilute the distinctive quality of its goods and trade name, and engage in unfair competition and deceptive acts and practices by manufacturing, importing, using, selling and/or offering for sale Defendants' Goods.

77. At all relevant times, Defendants have engaged in concerted action by way of an agreement between them, through which MiWorld, MWA, CBY and/or Beanstalk manufactured and/or imported the infringing percussive massage devices and attachments, and TJX marketed, sold and/or offered for sale these devices and attachments.

78. Defendants' continuous manufacture, import, use, sale and/or offer for sale of Defendants' Goods, in conscious disregard of Therabody's intellectual property rights, constitute overt and unlawful acts in furtherance of the agreement between Defendants.

79. At all relevant times, Defendants' participation in furtherance of their conspiracy, agreement and plan to infringe Therabody's intellectual property rights and injure its business reputation and trade name has been intentional, willful, and in bad faith. Defendants' direct and

indirect acts of infringement have continued despite their having both constructive and actual notice of Therabody's ownership of the Theragun Marks.

80. As set forth in greater detail herein, Defendants' unauthorized conduct in furtherance of their conspiracy, agreement and plan to manufacture, import, sell and/or offer for sale Defendants' Goods has caused irreparable damage, injury and harm to Therabody, including: (1) lost market share that will be difficult, if not impossible, to recoup later as Defendants' Goods become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on Therabody's reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Goods being sold at a price point lower than Therabody's product, (7) diversion of resources to defend against loss of market share caused by sales of Defendants' Goods, and (8) the enticement of others to offer for sale and sell infringing devices and attachments.

81. In view of the foregoing, and as a consequence of Defendants' tortious and unlawful conspiracy, Therabody requests that all relief and remedies requested herein be awarded against each of the Defendants, jointly and severally.

## TENTH COUNT
## AIDING AND ABETTING
(Against Defendant TJX)

82. Therabody repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

83. TJX has knowingly and willfully aided and abetted MiWorld, MWA, CBY and Beanstalk, and/or one or more other Defendants, in the commission of their infringement of

Therabody's intellectual property rights, including the Theragun Marks, as well as the additional torts set forth herein, by marketing, selling and offering for sale Defendants' Goods manufactured and/or imported by MiWorld, MWA, CBY and Beanstalk.

84. Despite having both actual and constructive notice of MiWorld's, MWA's, CBY's and Beanstalk's infringing and tortious conduct, including being specifically notified in writing of the same and of Therabody's demand to cease and desist on January 21, 2022, TJX continues to knowingly, willfully and in bad faith violate Therabody's intellectual property rights, injure Therabody's business reputation and cause other harm and damage to Therabody through its continued marketing, sale and/or offering for sale of Defendants' Goods.

85. At all relevant times, TJX was aware of the wrongful nature of MiWorld's, MWA's, CBY's and Beanstalk's infringing and tortious conduct.

86. By knowingly and willfully marketing, selling and/or offering for sale Defendants' Goods, TJX has engaged in concerted action by providing substantial assistance to MiWorld, MWA, CBY and Beanstalk in their infringing, tortious and unlawful conduct.

87. Such knowing and wrongful assistance by TJX has caused Therabody damages within the jurisdictional limits of this Court. Accordingly, Therabody requests all relief and remedies requested herein be awarded against TJX and against each of the Defendants, jointly and severally.

## ELEVENTH COUNT
## DECLARATORY JUDGMENT

88. Plaintiff repeats and realleges the allegations contained in prior paragraphs as if fully set forth therein.

16

89. By reason of the aforesaid acts of Defendants, Defendants have falsely designated the origin of their goods in their marketing and have otherwise made false descriptions and representations of the origin of such goods.

90. Defendants' unauthorized activities have created confusion among the purchasing public, are likely to deceive purchasers of Plaintiff's goods concerning the source or sponsorship of such goods, and will otherwise mislead the purchasing public as to the origin of the goods sold by or on behalf of Defendants.

91. Defendants' intentional, willful, and bad faith intent to trade on Plaintiff's goodwill creates the false and misleading impressions that Defendants are affiliated, connected, or associated with Plaintiff, through the Theragun Marks and otherwise.

92. Plaintiff therefore seeks and is entitled to a Declaratory Judgment declaring that: (a) Defendants' use and registration of the THERAGUN mark and THERAGUNS mark violates Plaintiff's rights; and (b) Defendants must immediately cease and desist the use of the THERAGUN mark.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. A preliminary and permanent injunction against Defendants, and each Defendant entity's officers, agents, servants, employees, licensees, and those persons in active concert or participation with those who received actual notice by personal service or otherwise:

> 1. Restraining Defendants from using any trade name, business name or website that incorporates in whole or in part the Theragun Marks, or any confusingly similar variation thereof, as a trademark or service mark (however spelled, whether capitalized, abbreviated, singular or plural,

      printed or stylized, used alone or in conjunction with any word or words, and whether used in caption, text, orally, or otherwise);

2. Restraining Defendants from infringing the Theragun Marks or otherwise unfairly competing with Plaintiff;

3. Restraining Defendants from using, in connection with any of Defendants' activities, any false or deceptive designation, representation, or description of any of Defendants' activities, whether by symbols, or words or statements, which would damage or injure Plaintiff's interests or rights in its Theragun Marks or give Defendants an unfair, competitive advantage in the marketplace based thereon including, but not limited to, expressly or implicitly representing themselves or any of their goods as associated, affiliated or authorized by Plaintiff;

4. Restraining Defendants from inducing, encouraging, aiding, abetting or contributing to any of the aforesaid acts;

5. Restraining Defendants from passing off to the public that their businesses or goods are those of or authorized by Plaintiff;

6. Restraining Defendants from advertising, promoting, or engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, deception or misunderstanding as to the affiliation, connection, or association or origin, sponsorship, or approval of their businesses or goods, with or by Plaintiff or that is likely to dilute the connection between Plaintiff and the Theragun Marks.

  B. Ordering that Defendants immediately remove all signs, of whatever nature, form or location, and take down all websites, which contain the THERAGUN mark or any derivation thereof.

  C. Ordering that Defendants cancel, remove or destroy all advertising, promotional materials, and all documents whatsoever and of whatever nature or form that bear the THERAGUN mark or any derivation thereof.

  D. Ordering that Defendants file with this Court and serve on counsel for Plaintiff within 30 days after service on Defendants of such Order, or within such period as this Court may direct, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with their obligations hereunder.

  E. For an accounting by Defendants of their sales and profits from the period commencing on the first date they used the THERAGUN or Theragun Marks through the present.

  F. For an award of Defendants' profits and Plaintiff's damages resulting from Defendants' unlawful activities as set forth herein.

  G. For compensatory damages.

  H. For an award of treble damages where provided under law.

  I. For an award of the reasonable attorneys' fees and costs of suit incurred by Plaintiff.

  J. For such other and further relief as this Court may deem equitable and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

| | |
|---|---|
| OF COUNSEL:<br>Diane C. Ragosa, Esq.<br>PARKER IBRAHIM & BERG LLP<br>270 Davidson Avenue<br>Somerset, New Jersey 08873<br>(908) 725-9700<br>diane.ragosa@piblaw.com<br><br>Dated: February 15, 2022 | */s/ Karen E. Keller*<br>Karen E. Keller (No. 4489)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Plaintiff,*<br>*Therabody, Inc.* |